UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS CLINTON COLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> C. MERRITT, et al., <br><br> Defendant. | CASE NO. 2:24-cv-01566-JCC-BAT <br><br> **ORDER DENYING MOTION FOR COUNSEL, DKT. 7** |

Plaintiff, a King County Jail detainee, filed a complaint alleging (1) Defendants assaulted and injured him on August 10, 2024; (2) he was denied adequate medical care for injuries suffered in the assault; and (3) following the assault, he was placed in restrictive custody without a hearing. Dkt. 5. Plaintiff now moves for appointment of counsel on the grounds he cannot afford to hire a lawyer; incarceration makes it difficult to research and investigate his case; he has mental conditions that impair him; and counsel would be better able to present evidence and cross-examine witnesses at a trial. Dkt. 7.

Generally, there is no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional

circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds this is not a case involving exceptional circumstances. Rather, Plaintiff has thus far been able to articulate his claims as a pro se litigant. Although Plaintiff claims his case is complex, Plaintiff presents straightforward allegations that defendants assaulted and injured him, that he was denied medical care for these injuries, and that he was placed into restrictive custody following the assault. Further, the Court at this also cannot say that Plaintiff has a likelihood of succeeding in this matter at this early stage.

The accordingly ORDERS: (1) the motion for motion for appointment of counsel, Dkt. 7 is DENIED without prejudice; and (2) a copy of this order shall be provided to plaintiff.

DATED this 23rd day of October, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR
COUNSEL, DKT. 7 - 2