UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS CLINTON COLEMAN , <br><br> Plaintiff, <br><br> v. <br><br> C. MERRITT, et al., <br><br> Defendant. | CASE NO. 2:24-cv-01566-JCC-BAT <br><br> **ORDER DENYING MOTION TO AMEND WITHOUT PREJUDICE, DKT. 25** |

On September 9, 2024, Plaintiff filed a *pro se* 42 U.S.C. § 1983 civil rights action, naming seven Defendants who are staff members of the King County Jail. Defendants filed an answer on November 25, 2024. *See* Dkt. 22.

Plaintiff now moves for leave to file an amended complaint. Dkt. 25. The motion is somewhat unclear, but it appears Plaintiff seeks leave to file an amended complaint that adds new Defendants to his case. *Id.* While Plaintiff's motion lists the names of individuals he appears to seek to add as Defendants, Plaintiff did not include a proposed amended complaint. *Id.* The lack of a proposed amended complaint makes it unclear whether there is any basis to grant Plaintiff's motion to amend his complaint. While Plaintiff states in his motion the new Defendants he seeks to add are "implicated" he does not set forth in his motion what acts the new Defendants did that violated his rights. *Id.*

ORDER DENYING MOTION TO AMEND
WITHOUT PREJUDICE, DKT. 25 - 1

Under Local Civil Rule ("LCR") 15, a party seeking leave to amend a pleading must "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" The party must also "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." While the Court reviews a *pro se* prisoner's pleadings with leniency, Plaintiff must show why leave to amend should be granted and must provide a copy of a complete proposed amended complaint. The proposed amended complaint must contain all grounds for relief Plaintiff seeks to pursue in this action. Plaintiff is also advised that his proposed amended complaint must tell the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

As Plaintiff has not complied with LCR 15 and has provided an insufficient basis to permit amendment of the complaint, Plaintiff's motion to file an amended complaint, Dkt. 25, is **DENIED** without prejudice. The Clerk shall provide Plaintiff a copy of this order.

DATED this 3rd day of January, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge