UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVIS CLINTON COLEMAN, | CASE NO. 2:24-cv-01566-JCC-BAT |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) |
| v. | |
| C. MERRITT et al., | |
| Defendant. | |

This matter comes before the Court on Judge Coughenour's denial (Dkt. No. 31) of Plaintiff's motion for his recusal (Dkt. No. 30). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Coughenour's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

It appears that Judge Coughenour's denial of Plaintiff's motion for appointed counsel is the primary reason underlaying Plaintiff's motion for recusal. (*See* Dkt. No. 30 at 1.) Plaintiff's motion, in its entirety, asserts:

> I am being treated unfairly by the court and I want a different judge. I am physically disabled and also have quite a few serious mental health diagnoses that prevent me from being able to concentrate or sit for extended periods of time because there is nowhere to sit in jail that is not incredibly painful. I can't Google anything and can't ask anyone legal questions and I have no idea why the court rejected the forms I sent in, requesting records and statements from the defendants and I have no idea how to submit the video footage the jail has as evidence. It's completely unfair that the county gets a senior deputy prosecuting attorney to defend them and the court refuses to appoint me a lawyer, yet I have no idea how to do any of this and the library I have access to is confusing and incomplete and there's no reason I should not be appointed legal help. I have no money!

(Dkt. No. 30 at 1.) While the Court appreciates that Plaintiff is experiencing difficulties, this motion does not make the required showing that a reasonable person could question Judge Coughenour's impartiality. No facts are identified supporting Plaintiff's contention of prejudice.

Accordingly, the Court AFFIRMS Judge Coughenour's denial (Dkt. No. 31) of Plaintiff's motion to disqualify (Dkt. No. 30).

Dated this 3rd day of February, 2025.

1
2
3    David G. Estudillo
     United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) - 3