1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

TRAVIS CLINTON COLEMAN ,

9
                        Plaintiff,

CASE NO.  2:24-cv-01566-JCC-BAT

10
        v.

**ORDER DENYING MOTION FOR RECONSIDERATION**

11

C. MERRITT, et al.,

12
                        Defendant.

13    Plaintiff proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 1983 civil rights

14   action. On October 17, 2024, shortly after his complaint was served, Plaintiff filed a motion

15   seeking appointment of counsel. Dkt. 7. By order dated October 23, 2024, the Court denied

16   Plaintiff's motion without prejudice finding:

17
18          The Court finds this is not a case involving exceptional circumstances. Rather, Plaintiff
            has thus far been able to articulate his claims as a pro se litigant. Although Plaintiff
            claims his case is complex, Plaintiff presents straightforward allegations that defendants
19          assaulted and injured him, that he was denied medical care for these injuries, and that he
            was placed into restrictive custody following the assault. Further, the Court at this also
            cannot say that Plaintiff has a likelihood of succeeding in this matter at this early stage.
20

Dkt. 8.

21          On December 6, 2024, shortly after Defendants filed their answer, Plaintiff filed another

22   motion to appoint counsel. Dkt. 24. By order dated December 9, 2024, the Court denied

23   Plaintiff's second motion for appointment of counsel finding:

> As the Court indicated in its first order denying appointment of counsel, Plaintiff's case does not involve exceptional circumstances in that Plaintiff has been able to articulate his claims; and his claims are straightforward—he alleges Defendants assaulted and injured him and he was denied medical care for the injuries he suffered. Plaintiff has thus far been able to articulate and litigate his case, and the reasons he gives for appointment of counsel apply in virtually every case brought by a person in detention and are thus common not exceptional.

Dkt. 26.

On January 29, 2025, Plaintiff filed the instant motion seeking reconsideration of this Court's December 9, 2024, order denying Plaintiff's second motion to appoint counsel. Dkt. 33.

In his motion for reconsideration, Plaintiff asserts that he is disabled and on SSI for issues related to chronic pain, pain related to insomnia and mental health issues. *Id.* He claims this makes it very painful and difficult to concentrate while trying to sit and write letters and perform research. *Id.* Plaintiff contends there is a class action against entitled *Hammer v. King County* with "all kinds of rules they were supposed to be following because of abuse towards people like me with serious medical conditions" and he wants the Court "to do something in this regard in my case." *Id.* Plaintiff also indicates he thinks the Court needs to compel the defendants because they did not answer his questions or requests for information and the jail has a video he wants to use in evidence. *Id.* Plaintiff also states he sent a "revision" of his claims to the Court trying to explain his claims more specifically but that the Judge rejected it and he does not understand why. *Id.*

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v.*

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

1  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th

2  Cir. 1998).

3          The Court must evaluate both "the likelihood of success on the merits [and] the ability of

4  the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues

5  involved", to make an assessment whether exceptional circumstances show that counsel should

6  be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v.*

7  *Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an

8  insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to

9  articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d

10  1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of

11  counsel, that is not the test. *Rand*, 113 F.3d at 1525.

12          Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be

13  denied absent a showing of manifest error or a showing of new facts or legal authority which

14  could not have been presented earlier with reasonable diligence.

15          Here, Plaintiff has not shown a manifest error in the Court's prior order denying his

16  second motion to appoint counsel or shown that new facts exist that make appointment of

17  counsel appropriate.

18          Although Plaintiff makes additional general arguments regarding health issues and that

19  this makes litigating his case more challenging, these arguments in and of themselves fail to

20  establish an exceptional circumstance warranting appointment of counsel. Dkt. 33. This is

21  particularly so considering the current record which shows that Plaintiff has thus far been able to

22  adequately articulate his claims for relief despite the limitations he cites. Plaintiff does not

23  demonstrate that any potential challenges in litigating his case he encounters due to his health

issues cannot be addressed by appropriate requests for additional time. Furthermore, although Plaintiff cites to a separate class action, he does not identify himself as a member of the class in that case nor does he explain what "rules" he is seeking to have applied to the instant case. At this relatively early stage of the proceedings, the Court also cannot conclude Plaintiff is likely to succeed on the merits of his claims.

The Court notes that Plaintiff appears to reference some items of discovery he is seeking which he believes Defendants have improperly denied to him and which he believes he may need to seek to compel. Dkt. 33. But Plaintiff does not specifically identify the items he is seeking, nor does he separately move to compel responses to specific discovery requests from Defendants. If Plaintiff is seeking to compel discovery responses from Defendants, he is advised that he must file a separate motion to compel specifically identifying the discovery items he is seeking. Plaintiff is advised that he must also make a good faith effort to meet and confer with Defendants prior to filing such a motion. The Court notes that the pretrial scheduling order in this case provides information regarding the relevant deadlines and some general rules surrounding discovery. *See* Dkt. 23.

For the reasons above, the motion for reconsideration (Dkt. 33) is DENIED. The Clerk is directed to provide a copy of this order and a copy of the Court's pretrial scheduling order (Dkt. 23) to the parties.

DATED this 3rd day of February, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 4